No. 5036.

(Court of Appeal, Parish of Orleans.)

## VACANT ESTATE OF ARMAND RAMAR.

E. T. Florance for appellee.

Pierson, Walton & Pierson for appellant.

DUFOUR, J.—The adjudicatee of certain real estate sold by order of Court herein, appeals from a judgment compelling her to take title, and she urges that the order of sale was not supported by sufficient evidence that the party whose estate was being administered was an absentee.

On the trial of the rule, over objection by the adjudicatee that evidence to support the order could not be supplied after the sale, evidence was introduced to show that the party had not been heard of for more than ten years; that the directories for years back showed no entry of his name; that the assessment of the property, bought by Ramar in 1848, has for many years back been under the caption of "Unknown"; that no one opposed the appointment of the curator, and that the property was about to be sold for taxes.

The fact of absenteeism is sufficiently established, and sufficient need of a curator to preserve the property is shown.

The ground of objection to the admissibility of the evidence has already been passed on by this Court adversely to the contention now made.

In **Vacant Estate of Meyer, No. 4600 of our Docket,** not yet reported, we said, under similar circumstances:

"There is a vast distinction between the subsequent ratification of a bad title acquired at a judicial sale, and the subsequent administration of proof to establish the validity of the title at the time of sale. In the one case, not being bound by an imperfect contract, a ratification cannot be forced on the adjudicatee against his will. In the other case, being bound by a perfect contract, the adjudicatee cannot object to evidence which tends to establish the validity, at the time of making the contract, of the contract itself."

Suc. of Gaines, 121 La. 121, refers to the ratification of a void title, and is, hence, inapplicable.

By agreement of counsel, the costs of the lower Court are to be borne by the estate.

The adjudicatee must comply with the adjudication.

Judgment affirmed.